UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR No. 05-045-C-EJL |
| Plaintiff, ) | |
| ) | O R D E R |
| vs. ) | |
| ) | |
| LEONARD MOLESWORTH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The indictment in this matter charges the Defendant Leonard Molesworth with one count of corruptly endeavoring to obstruct the IRS, 26 U.S.C. § 7212(a) and sixteen counts of filing false documents with the IRS, 26 U.S.C. § 7206(1). (Dkt. No. 1). On April 6, 2005 Mr. Molesworth made his initial appearance and arraignment before Magistrate Judge Mikel H. Williams. At this time Mr. Molesworth advised the court that he would represent himself whereupon Judge Williams advised him of his right to counsel and the consequences associated with self representation. (Dkt. No. 6). The court also appointed Mr. William Butler to serve as stand by counsel. Mr. Molesworth has filed certain motions which are pending before this Court including a motion to recuse, motion to dismiss, motion for transcript, motion for extension of time, and motion to continue. In addition, the government also has filed a motion for reciprocal discovery.

*ORDER*

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Discussion**

1) <u>Motion to Recuse</u>:

Mr. Molesworth has moved to recuse United States District Court Judge Edward J. Lodge from presiding over this matter pursuant to 28 U.S.C. § 455 and cited case law. The motion alleges that Judge Lodge "has in the past deliberately violated other litigant's personal liberties and/or has wantonly refused to provide due process and equal protections to all litigants before the court or has behaved in a manner inconsistent with which is needed for full, fair, impartial hearings." (Dkt. No. 11). The attached affidavit describes a previous civil litigation brought before Judge Lodge by Mr. Molesworth which was eventually dismissed by the Court. As a result, Mr. Molesworth filed a complaint against Judge Lodge. Mr. Molesworth argues this previous litigation in addition to other attached exhibits evidences this Court's impartiality. The government opposes the motion noting the allegations do not provide specific instances of impartiality; thus, the arguments are speculative and vague and fail to evidence any doubts as to the Court's ability to remain impartial in this matter.

Disqualification of judges is governed by 28 U.S.C. § 455 which provides, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> ....

28 U.S.C. § 455. "Section 455 imposes an affirmative duty upon judges to recuse themselves when 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Leslie v. Grupo ICA, 198 F.3d 1152, 1159-60 (9th Cir. 1999) (citations omitted). "The provisions of section 455 'require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" Id. (citation omitted). The Ninth Circuit has also recognized that "the Supreme Court [has] further explained the narrow bases for recusal:

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."

Id. (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). The allegations in this case arise primarily from the Court's rulings in the previous civil case brought by Mr. Molesworth. Neither the previous case nor the additional exhibits provide a basis for recusal.

Therefore, the motion to recuse is denied.

2)   Motion to Dismiss:

On the date of his initial appearance, Mr. Molesworth filed a motion to dismiss and later filed a supplemental motion to dismiss. The motion raises several grounds for dismissal including that he has not been served with a "true bill" signed by the grand jury foreperson, the government unreasonably delayed bringing the charges, the government is without the authority/jurisdiction to bring the indictment, the statute of limitations has expired, and the indictment is pursued only to obtain evidence against others. The government has filed an opposition to the motion maintaining the arguments raised in the motion are without basis.

   a)   Validity of the Indictment:

Federal Rule of Criminal Procedure 6(c) requires that all indictments be signed by the grand jury foreperson. The practice in this district is that the foreperson's signature is on the back of the indictment. Thus, the original indictment in this case does contain the signature of the foreperson as required by Rule 6.

   b)   Delay and Statute of Limitations:

Much of Mr. Molesworth's arguments relate to the delay in bringing these charges. The motion argues that because the allegations in this case occurred more than five years ago the government has violated Rule 48(b) by unreasonably delaying raising these charges. In addition, the motion argues that the statute of limitations has expired. The government maintains that such delay warrants dismissal only in cases where there exists prosecutorial misconduct and resulting prejudice to the defendant. Further, the government points out that the statute of limitations for these offenses is six years, 26 U.S.C. § 6531(5), (6).

Rule 48(b) provides that the Court may dismiss an indictment where "unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) brining a defendant to trial." Fed. R. Crim. P. 48(b). The Ninth Circuit has "emphasized that, [a]lthough the rule confers discretion upon the district judge, a Rule 48(b) dismissal should be imposed only in extreme circumstances." United States v. Yuan Qing Jiang, 214 F.3d 1099, 1101 (9th Cir. 2000) (citations and quotation marks omitted). In addition, as the government points out, dismissal pursuant to Rule 48(b) "requires findings of prosecutorial misconduct and actual prejudice to the accused." Id. (citation omitted).

While the motion makes a passing reference to prosecutorial misconduct, having reviewed the arguments and record herein the Court concludes there is neither prosecutorial misconduct nor unreasonable delay warranting dismissal under Rule 48. Further, the Court finds there has been no violation of Mr. Molesworth's right to a speedy trial. Finally, the Court finds the statute of limitations for the charged offenses is six years and, therefore, not yet expired at the time of the filing of the indictment. 26 U.S.C. § 6531(5), (6); see also United States v. Workinger, 90 F.3d 1409, 1413-14 (9th Cir. 1996).

    c)    <u>Authority to Prosecute</u>:

Mr. Molesworth argues the government is without the authority to raise these charges because the Tax Division Directive applicable to the IRS form 8300 at issue in this case involves only cash transactions. The government asserts the directive does not preclude the government from prosecuting this matter but is, instead, a delegation of authorization to prosecute claims involving Form 8300 to other Department of Justice divisions. Having reviewed directive 87-61 the Court agrees with the government's interpretation and finds that

the government is the appropriate body to prosecute these allegations.

      d)    <u>Conclusion</u>:

The Court has considered Mr. Molesworth's arguments raised in both his motion to dismiss and supplemental motion and concludes they are without merit. The indictment in this case has been properly filed within the applicable statute of limitations time and the government has the authority to bring such charges. More importantly, the Court has reviewed the allegations relating to bad faith on the part of the government and violations of his constitutional rights. Again the Court finds that neither the record nor the arguments do not reveal any basis for the allegations. Therefore, the motion to dismiss will be denied.

3)    <u>Motion for Transcript</u>:

Mr. Molesworth has requested a transcript of his initial appearance and alleges he is financially unable to pay for the transcript. Attached to the motion is an affidavit which Mr. Molesworth asserts evidences his financial hardship. No financial affidavit was filed at the time of his initial appearance. The government has indicated that it has no objection to the transcript being provided at the public's expense. The Court, having reviewed the financial affidavit and there being no objection from the government, will grant the request. A copy of the transcript from the April 6, 2005 hearing before Magistrate Judge Williams shall be prepared and provided to Mr. Molesworth at the public's expense.

4)    <u>Motion for Extension of Time and Motion to Continue</u>:

The motion for extension of time requests additional time to file a discovery response and pre-trial motions. The motion refers to the court's standard procedural order which was provided to Mr. Molesworth at his initial appearance but which was not returned to the

Court. Regardless, the motion requests that he be allowed to file such response and motions until June 4, 2005. In addition, Mr. Molesworth has filed a motion to continue the June 7, 2005 trial date so that he can confer with standby counsel and deal with sever family matters. The motion seeks to continue the trial date for 120 days. The government does not object to extending the filing deadlines or a continuance but does state that the 120 days requested does not appear to be warranted and suggests a 45 day continuance.

Having reviewed the motion to continue the trial date, the Court finds the ends of justice served by granting a continuance in this case outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(B)(iv). Any and all period of delay resulting from this continuance, from the date of the filing of the Defendant's motion until the rescheduled trial date, shall be excludable time pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv). The amount of discovery, number and severity of the charges, and the family circumstances noted in the motion support a continuance of this matter. However, the Court finds that a continuance of approximately 90 days is reasonable. Therefore, the trial date will be rescheduled for Tuesday, September 13, 2005 at 9:30 a.m. in Coeur d'Alene, Idaho. Further, the request for extension of time to file discovery response and pre-trial motions to June 4, 2005 is granted.

5) <u>Motion for Discovery</u>:

The government has filed a motion requesting reciprocal discovery pursuant to Rule 16(b)(1)(A). The motion notes that Mr. Molesworth has requested and been provided initial discovery from the government and, thus, requests that the government now be allowed to inspect and copy or photograph any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items within Mr. Molesworth's possession, custody or control that he intends to use in his case-in-chief at trial.

Rule 16(b)(1)(A) governs defendant's disclosures and states:

(A) Documents and Objects. If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph, tangible objects, buildings or places, or copies or portions of any of these items if:

(I) the item is within the defendant's possession, custody, or control; and
(ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

The court's standard procedural order was not returned in this matter, however, Mr. Molesworth did request discovery which the government states it provided and which Mr. Molesworth acknowledges receiving. (Dkt. Nos. 15, 17). Thus, the government's motion is granted and Mr. Molesworth shall comply with Rule 16(b)(1)(A).

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Defendant's Motion to Recuse (Dkt. No. 11) is **DENIED**.

2) Defendant's Motion to Dismiss (Dkt. No. 7) is **DENIED**.

3) Defendant's Motion for Transcript (Dkt. No. 13) is **GRANTED**. A copy of the transcript from the April 6, 2005 hearing before Magistrate Judge Williams shall be prepared and provided to Mr. Molesworth at the public's expense.

4)	Defendant's Motion for Extension of Time to file discovery responses (Dkt. No. 17) until June 4, 2005 is **GRANTED**.

5)	Defendant's Motion to Continue Trial Date (Dkt. No. 19) is **GRANTED**. The trial date is **RESET** for **Tuesday, September 13, 2005 at 9:30 a.m. in Coeur d'Alene, Idaho**. Any and all period of delay resulting from this continuance, from the date of the filing of the Defendant's motion until the rescheduled trial date, shall be excludable time pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv).

6)	Defendant's Motion to Stipulate (Dkt. No. 12) is **MOOT** in light of the Court's order granting the motion to compel (Dkt. No. 5).

7)	Government's Motion for Reciprocal Discovery (Dkt. No. 16) is **GRANTED**.

DATED: **May 6, 2005**

~~Honora~~ble Edward J. Lodge
U. S. District Judge