UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR No. 05-045-C-EJL |
| Plaintiff, ) | |
| ) | MEMORANDUM O R D E R |
| vs. ) | |
| ) | |
| LEONARD MOLESWORTH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court in the above entitled matter are Defendant's motions to change venue, dismiss count one, exclude certain acts, and restore speedy trial rights. The parties have filed their responsive briefing on the motions and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Discussion**

1)   Motion for Change of Venue:

Defendant seeks to move the trial in this matter from Coeur d'Alene, Idaho to Moscow, Idaho  because it is the closest court to where the offense is alleged to have

occurred and where the Defendant and witnesses are located.  In addition, Defendant notes he suffers from some physical handicaps which would be aggravated by traveling a greater distance.  The government opposes the motion arguing the trial setting does not significantly inconvenience either party or witnesses and specifically opposes any further continuance of the trial date.

As the government points out, the selection of venue within this District is at the discretion of the Court.  Rule 18 states that "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice."  The trial setting in Coeur d'Alene as opposed to Moscow does not yield a sever hardship on parties and/or witnesses.  Further, the interests of justice and judicial economy warrant the setting in Coeur d'Alene to allow the Court to handle other matters during the same time.  Therefore, the motion is denied.  The trial remains set for September 13, 2005 at 9:30 a.m. in Coeur d'Alene, Idaho.

2)	Motion to Dismiss Count One:

Count one of the superseding indictment charges the Defendant with corruptly endeavoring to obstruct the IRS in violation of 26 U.S.C. § 7212(a).  (Dkt. No. 24). Defendant has filed a motion to dismiss this charge arguing he has not violated the statute's provisions and, therefore, the charge lacks merit.  The motion also alleges that count one is multiplicitous to the other charges of filing false documents with the IRS in violation of 26 U.S.C. § 7206(1).  Defendant argues the prosecution should only be allowed to charge him with either a violation of § 7212(a) or § 7206(1), but not both.  Finally, Defendant asserts the indictment is vague because the charge in count one cites to the "omnibus clause" of the

statute as a "catch-all" for the crime alleged but is not directed at any specific activity. Defendant challenges the constitutionality of the statute arguing it fails to describe the offending conduct sufficiently to give notice to individuals such that they are aware of what conduct is illegal. The government opposes the motion noting that the charge in count one requires proof of a fact different from the charges in counts two through seventeen and, further, that the charging statute in count one is not vague.

A statute is void for vagueness if it "(1) does not define the conduct it prohibits with sufficient definitiveness and (2) does not establish minimal guidelines to govern law enforcement." United States v. Ayala, 35 F.3d 423, 425 (9th Cir. 1994) (citations omitted). The statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Id. (citations omitted). "Only if people of 'common intelligence must necessarily guess at [the statute's] meaning and differ as to its application' will a statute be invalidated." Id. Vagueness arguments challenging § 7212(a) have been rejected by other courts. See United States v. Kelly, 147 F.3d 172, 176 (2nd Cir. 1998); see also United States v. Hanson, 2 F.3d 942, 947 (9th Cir. 1993). The Court agrees with these other decisions. The statute properly defines the prohibited conduct and delineates guidelines for law enforcement. Therefore, the Court concludes the statute is not vague.

The test to determine whether an indictment is multiplicitous is "whether each separately violated statutory provision requires proof of an additional fact which the other does not." United States v. Vargas-Castillo, 329 F.3d 715, 718 (9th Cir. 2003) (citations omitted). "Congress may authorize cumulative punishments for separate criminal offenses which occur in the same act." Id. (citations omitted). "Double jeopardy is not implicated so

long as each violation requires proof of an element which the other does not." Id. (citations omitted).

"To prove a violation of § 7206(1), making false statements, the government must prove that the defendant (1) filed a return, statement, or other document that was false as to a material matter; (2) signed the return, statement or other document under penalty of perjury; (3) did not believe the return, statement or other document was true as to every material matter; and (4) willfully subscribed to the false return with the specific intent to violate the law." United States v. Hanson, 2 F.3d 942, 947 (9th Cir. 1993) (citations omitted). "To prove a violation of § 7212(a)...the government must prove (1) corruption, force, or threat of force, and (2) an attempt to obstruct the administration of the IRS." Id. As the government points out, § 7206(1) requires proof of additional facts including that the return, statement, or other document contained a written declaration that it was made under the penalty of perjury. This fact is not required for the § 7212(a) charge. The Court finds the charges are not multiplicitous and the motion is denied.

3)   Motion to Exclude:

Defendant has also filed a motion to exclude evidence pursuant to Federal Rules of Evidence 403, 404(b), and 609.  In particular, the motion seeks to prevent the government from offering evidence of Defendant's prior bad acts or convictions.  The government's response notes it does not intend to introduce inadmissable evidence of any prior criminal record and has not yet determined what Rule 404(b) evidence it will seek to offer.  The government does note that it intends to offer evidence of the Defendant's past contacts with the IRS to show his actions were corrupt and willful  as relevant to the charged offenses.

The substance of this motion raises objections to evidence more appropriately raised and ruled upon at trial. While the Court generally recognizes Defendant's position on the evidence, the motion is premature. Therefore, the Court will deny the motion without prejudice at this time. The Defendant may raise these objections at trial at the appropriate time whereupon the Court will rule on the same.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court hereby orders as follows:

1) Defendant's Motion for Change of Venue (Dkt. No. 31) is **DENIED**.

2) Defendant's Motion to Dismiss Count One (Dkt. No. 30) is **DENIED**.

3) Defendant's Motion to Exclude Evidence (Dkt. No. 32) is **DENIED WITHOUT PREJUDICE**.

4) Defendant's Motion to Restore Speedy Trial Time (Dkt. No. 33) is **WITHDRAWN**.

DATED: **July 14, 2005**

Honorable Edward J. Lodge
U. S. District Judge