*UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO*

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     ) | CR No. 05-045-C-EJL |
|         Plaintiff,     ) | |
|     ) | MEMORANDUM ORDER |
| vs.     ) | |
|     ) | |
| LEONARD MOLESWORTH,     ) | |
|     ) | |
|         Defendant.     ) | |
| _____ ) | |

Pending before the Court in the above entitled matter are various motions filed by the Defendant. The parties have submitted their responsive briefing and the matters are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

## Discussion

1) <u>Motion to Produce Evidence of Selective Prosecution or Hearing</u>:

Defendant seeks additional discovery which he claims is in the possession of the IRS to prove his case of selective prosecution. Defendant alleges the IRS has singled him out for prosecution because of his enrollment in classes teaching the UCC and the "Redemption Process," arguing that this is not the type of case the IRS would normally seek to prosecute. The government opposes the motion contending the Defendant has failed to demonstrate that this prosecution is different from other similar prosecutions.

"The Government has broad, but not unfettered discretion in deciding whom to prosecute.  United States v. Adams, 388 F.3d 708, 712 (9th Cir. 2004) (citing Wayte v. United States, 470 U.S. 598, 607-08 (1985)).  "The Government can be selective choosing whom to prosecute [;] however, it cannot base its decisions on factors 'such as race, religion, or other arbitrary classification[s].'"  Id. (citation omitted). A selective prosecution claim generally alleges that the government is prosecuting a defendant under a facially neutral law in a discriminatory manner in violation of the Equal Protection clause of the United States Constitution. See United States v. Armstrong, 517 U.S. 456, 464-68 (1996); Wayte, 470 U.S. at 609; United States v. Arenas-Ortiz, 339 F.3d 1066, 1068-69 (9th Cir. 2003).  "To establish such a violation...[t]he claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Arenas-Ortiz, 339 F.3d at 1068 (citations and quotations omitted).  A discriminatory effect exists where it is shown "that similarly situated individuals of a different [race, religion, or other arbitrary classification[s] were not prosecuted." Id.  (citation omitted).  The Ninth Circuit has recognized that the "standard for demonstrating a violation of equal protection is a 'demanding one'" but that "[t]he showing necessary to obtain discovery is somewhat less: the defendant must produce 'some evidence that similarly situated defendants...could have been prosecuted but were not." Id. at 1069 (citations omitted).

The Defendant maintains the government is prosecuting him because he attended the UCC and Redemption Process classes while other individuals engaged in the same conduct for which he has been charged, but whom did not attend the classes, have not been prosecuted.  The Defendant also states that many of the cases which are prosecuted involve

some kind of financial loss or were filed against a government official; neither of which is present in this case. In addition, the Defendant argues the IRS normally notifies individuals of discrepancies in their forms but, in this case, the IRS has decided to prosecuting him because of his participation in the classes. Having reviewed the motion, the Court denies the same. The Defendant has not identified that the prosecution of this case is distinct from other similar cases. Just the opposite, the government has identified two similarly situated defendants whom have been prosecuted for the same crimes as alleged in this case. Thus, the Court finds the Defendant has not satisfied the standard for discovery in this case and the motion is denied.

2)   <u>Motion for Bill of Particulars</u>:

In order to assist in preparing his defense and so that he may more fully understand the charges against him, Defendant has requested a bill of particulars pursuant to Rule 7(f). Specifically, Defendant asks that the government state its theory behind the charges and address specific questions posed by the Defendant.[1]  The government opposes the motion noting it has provided the Defendant with full discovery, the indictment specifically details the alleged illegal actions of the Defendant, and identifies the false forms and why each one was false.

Rule 7(f) provides that "[t]he court may direct the filing of a bill of particulars...as the court may permit."  A bill of particulars should enable a defendant to prepare an adequate

---

[1]  Defendant poses three questions to the government (Dkt. No. 39, p. 3) (emphasis in original):

1)  Exactly how did the defendant **<u>corruptly</u>** interfere with the due administration of the internal revenue service laws?

2)  Exactly how did the defendant **<u>endeavor to obstruct</u>** the due administration of the internal revenue service laws?

3)  Exactly how did the defendant **<u>impede</u>** the due administration of the internal revenue service laws?

defense and to protect against a second prosecution for the same offense.  United States v. Inryco, Inc., 642 F.2d 290, 295 (9th Cir. 1981) (citing Cook v. United States, 354 F.2d 529, 521 (9th Cir. 1965)).  The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense and enable him to prepare an adequate defense.  Duncan v. United States, 392 F.2d 539, 541 (9th Cir. 1968) (citing Remmer v. United States, 205 F.2d 277 (9th Cir. 1953)).  It is designed to appraise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy.  United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted).  In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the Government.  Id. at 1054 (9th Cir. 1983) (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)).  Full discovery will obviate the need for a bill of particulars.  Id. (citing United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973)).

Count one of the indictment in this case alleges a violation of 26 U.S.C. § 7212(a) and states:

> Between on or about November 5, 1999, and on or about May 2, 2000, in the District of Idaho, the defendant...did corruptly endeavor to obstruct or impede the due administration of the internal revenue laws by filing with the Internal Revenue Service false Forms 8300 against, JB, SC, GE, RG, DK, LaPlante Sales, Inc., HO, GR, LU, JS, JW and the Idaho Secretary of State's office claiming that they had received or engaged in a cash transaction of between $1,000,050.00 and $2,001,000.000, when, in fact these individuals had not received such amounts from any source or had not engaged in any such transactions, in violation of Title 26, United States Code, Section 7212(a).

The remaining charges in the indictment allege violations of 26 U.S.C. § 7206(1).  These charges  generally state that the Defendant willfully made and subscribed and filed a document which contained a written declaration which was made under the penalties of perjury that the Defendant did not believe to be true and correct as to every material matter. The counts then each specify a particular IRS Form 8300's which applies to each separate count.

The Court finds the indictment is sufficiently particular to allow the Defendant to prepare an adequate defense.  The charges are detailed as to the allegations raised against the Defendant such as to avoid surprise at trial and to protect the Defendant from the possibility of the Government altering its theory of the case at trial from that presented to the grand jury and subsequent double jeopardy.  Further, the indictment coupled with full disclosure adequately advises the Defendant of the charges.  Therefore, the motion is denied.

3)      <u>Notice of Intent to Use Evidence at Trial</u>:

The Defendant has filed a notice of intent to use certain documentation evidence which, he argues, are admissible and not precluded by hearsay; citing Rules 801, 803, 804, and 807.  The government opposes the introduction of such evidence arguing it is inadmissible hearsay which does not meet the requirements of Rule 807.  Specifically, the government maintains that the documents do not possess the required indicia of trustworthiness warranting admission under Rule 807.

The Court acknowledges that this filing is a notice of the Defendant's intention to offer this evidence, as required by Rule 807.  To the extent this is construed as a motion, the Court will deny the same at this time.  The Court has reviewed the evidence and finds the

motion is premature; whether or not this evidence is admissible is a ruling more appropriately made at trial where the Court is able to consider the evidence in the context of all of the evidence as a whole. During the trial, the Defendant may seek to introduce evidence which he believes is admissible and the government can offer its objections at that time. The Court will then rule upon the admissibility of the evidence.

4)      Motion Regarding Brady and Jencks Material:

Defendant seeks production of all Brady evidence and Jencks Act material no later than twenty-one days before trial so that he is able to prepare his defense. The motion notes that a delay in disclosure would require the defendant to seek a continuance of the trial date such that a complete review of all the discovery can be completed prior to trial. The government's response points out that it has provided an open file and ongoing discovery in this case such that any Brady and Jencks Act material has already been produced to the Defendant.

Both the Brady case and the Jencks Act place upon the government requirements as to the disclosure and production of certain evidence. This motion asks that any such evidence be provided to the Defendant no less than twenty-one days prior to trial. While the Court recognizes the basis for the request and agrees that early disclosure of evidence is appropriate, the Court will deny the motion. There is no indication that the government has withheld evidence nor that it has failed to comply with its duty to produce certain evidence. Placing a court imposed deadline upon such discovery is unnecessary, particularly in light of the fact that the trial date in this matter has been set such that there is ample time for both sides to prepare their case. That being said, the Court advises both sides to continue to

cooperate and engage in ongoing production of discovery as they go about investigating this case.  In the event it becomes apparent at trial that either side attempted to avoid its duty to produce certain evidence, the opposing party may raise its objection with the Court at that time.

5)   <u>Motion Designating Government Witnesses Under Defense Subpoena</u>:

Defendant has filed a motion requesting an order that any witness released by the government be "considered under defense subpoena" for the duration of the trial.  The motion is made "[t]o safeguard against the loss of vital witness testimony and to ensure that this indigent defendant is provided all of his Fifth and Sixth Amendment rights."  The government opposes the motion pointing out that witnesses are excused from subpoena by the Court not counsel and that it does not object to the defense using its witnesses at trial.

The request by the Defendant here is again premature and simply too broad.  The Court is prepared to assure that the Defendant's constitutional rights are secure, however, it is unwilling to issue a blanket order of this nature.  Further, the request is unnecessary at this time.  The Court also notes that at trial, before any witness is excused from their summons, the Court will ask whether either side has an objection to the witness being released.  The Defendant will, at that time, be able to consider whether a given witness is still needed to testify and so notify the Court.  In addition, where a defendant is unable to pay, that defendant may use the subpoena powers of the Court to subpoena its witnesses and compel their attendance at trial.  Fed. R. Crim. P. 17(b).

## ORDER

Based on the foregoing and being fully advised in the premises, the Court hereby

orders as follows:

1)      Motion to Produce Evidence of Selective Prosecution or Hearing (Dkt. No. 40)

        **DENIED**.

2)      Motion for Bill of Particulars (Dkt. No. 39) **DENIED**.

3)      Notice of Intent to Use Evidence at Trial (Dkt. No. 44) **DENIED WITHOUT**

        **PREJUDICE**.

4)      Motion Regarding Brady and Jencks Material (Dkt. No. 43) **DENIED**.

5)      Motion Designating Government Witnesses Under Defense Subpoena (Dkt.

        No. 41) **DENIED**.


DATED:  **July 15, 2005**

Honorable Edward J. Lodge
U. S. District Judge


*MEMORANDUM ORDER*                    8