UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR No. 05-045-C-EJL |
| Plaintiff, ) | |
| ) | MEMORANDUM ORDER |
| vs. ) | |
| ) | |
| LEONARD MOLESWORTH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court in the above entitled matter is Defendant's motion to dismiss or consolidate counts of the superseding indictment for multiplicity. The matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Discussion**

The Defendant has filed a motion to dismiss alleging the indictment in this case is multiplicitous. This is a similar argument raised in his previous motion to dismiss count one (Dkt. No. 30) which the Court denied (Dkt. No. 55). The motion seeks dismissal of the indictment or, in the alternative, consolidation of he counts. The government argues the charges are not multiplicitous, arguing each charge requires a separate finding by the jury.

*MEMORANDUM ORDER* - 1

As stated in the previous order, the test to determine whether an indictment is multiplicitous is "whether each separately violated statutory provision requires proof of an additional fact which the other does not." United States v. Vargas-Castillo, 329 F.3d 715, 718 (9th Cir. 2003) (citations omitted). "Congress may authorize cumulative punishments for separate criminal offenses which occur in the same act." Id. (citations omitted). "Double jeopardy is not implicated so long as each violation requires proof of an element which the other does not." Id. (citations omitted).

"To prove a violation of § 7206(1), making false statements, the government must prove that the defendant (1) filed a return, statement, or other document that was false as to a material matter; (2) signed the return, statement or other document under penalty of perjury; (3) did not believe the return, statement or other document was true as to every material matter; and (4) willfully subscribed to the false return with the specific intent to violate the law." United States v. Hanson, 2 F.3d 942, 947 (9th Cir. 1993) (citations omitted). "To prove a violation of § 7212(a)...the government must prove (1) corruption, force, or threat of force, and (2) an attempt to obstruct the administration of the IRS." Id.

As determined in the Court's previous order, § 7206(1) requires proof of additional facts not required for the § 7212(a) charge. This conclusion has been recognized in similar cases involving the same charges. See United States v. Swanson, 112 F.3d 512 (4th Cir. 1997); United States v. Armstrong, 974 F.Supp. 528 (E.D. Va. 1997); and United States v. Toliver, 972 F.Supp. 1030 (W.D. Va. 1997). The Court finds the charges are not

multiplicitous and, further, that the charges should not be consolidated. Therefore, the motion is denied.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Defendant's Motion to Dismiss (Dkt No. 38).

DATED: **July 26, 2005**

Honorable Edward J. Lodge
U. S. District Judge