*UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR No. 05-045-C-EJL |
| Plaintiff, ) | |
| ) | MEMORANDUM O R D E R |
| vs. ) | |
| ) | |
| LEONARD MOLESWORTH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court in the above-entitled matter is Defendant's motion to dismiss the Superseding Indictment. The motion is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Discussion**

Defendant's motion renews his objection to the initial indictment in this matter arguing it is an invalid charging instrument and lacks subject matter jurisdiction because it is unsigned by the Grand Jury Foreperson. The government has responded to the motion arguing the superseding indictment is valid and properly provides a basis for subject matter jurisdiction.

The Defendant's challenge to the Grand Jury Foreperson's signature on the document was previously rejected by the Court. (Dkt. No. 22). The Court determined "Federal Rule of Criminal Procedure 6(c) requires that all indictments be signed by the grand jury foreperson. The practice in this district is that the foreperson's signature is on the back of the indictment. Thus, the original indictment in this case does contain the signature of the foreperson as required by Rule 6." (Dkt. No. 22). The same holds true for the Superseding Indictment.

The motion also asserts that the indictment lacks subject matter jurisdiction. The Superseding Indictment alleges charges pursuant to 26 U.S.C. §§ 7206(1), 7212(a). (Dkt. No. 24). Original jurisdiction is vested in district courts of the United States over "all offenses against the laws of the United States." 18 U.S.C. § 3231. "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions." United States v. Ross, 206 F.3d 896, 899 (9th Cir. 2000) (citing United States v. Bailey, 444 U.S. 394, 414 (1980) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). The indictment in this case tracks the language of the charging statutes which allege violations of the laws of the United States. The Court finds the indictment properly invokes this Court's subject matter jurisdiction over this case; therefore, the motion is denied.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Defendant's motion to dismiss (Dkt. No. 48).

DATED: August ___, 2005

_____
Honorable Edward J. Lodge
U. S. District Judge