UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LEONARD MOLESWORTH, )<br>)<br>Defendant. )<br>_____ ) | CR No. 05-045-C-EJL<br><br>MEMORANDUM ORDER |

Pending before the Court in the above entitled matter are Defendant's motions to dismiss count one, produce the complaining party, strike surplusage, venue, dismiss the indictment, exclude certain acts, and restore speedy trial rights. The parties have filed their responsive briefing on the motions and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

## Discussion

1)       Motion to Dismiss Count One:

Defendant seeks to dismiss count one of the indictment arguing that the "omnibus clause" of the statute, 26 U.S.C. § 7212(a), is a "catch-all" clause which requires that the taxpayer be given notice of a discrepancy in his filing before he or she can violate the statute.[1] Defendant cites to United States v. Kassouf, 144 F.3d 952 (6th Cir. 1998) for the proposition that to be guilty of violating § 7212(a) one must, at the time he or she files a false form, be aware of some pending IRS action. The government disputes the implications of Kassouf and maintains that the facts alleged in this case warrant the § 7212(a) charge.

Count one charges Defendant with violating § 7212(a), which makes it a felony to:

> corruptly or by force or threats of force ... endeavor[ ] to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force ... obstruct[ ] or impede[ ], or endeavor[ ] to obstruct or impede, the due administration of this title.

"Section 7212(a) is aimed at prohibiting efforts to impede 'the collection of one's taxes, the taxes of another, or the auditing of one's or another's tax records.'" United States v. Kuball, 976 F.2d 529, 531 (9th Cir. 1992) (citation omitted). In order to prove a violation of § 7212(a), attempting to interfere with the administration of the IRS, requires the government to prove "(1) corruption, force, or threat of force, and (2) an attempt to obstruct the administration of the IRS." United States v. Hanson, 2 F.3d 942, 946 (9th Cir. 1993). In

---

[1] This motion was not docketed with the Court in the normal course. The Court was made aware of the motion when reviewing the government's response to the motion. A copy of the motion was obtained from the government and has been docketed accordingly.

Kassouf, the Sixth Circuit held that the § 7212(a) charge was properly dismissed because there was no on-going IRS investigation. This holding, however, was expressly limited to the particular facts in Kassouf by United States v. Bowman, 173 F.3d 595 (6th Cir. 1999) ("All of the reasoning in Kassouf supports the conclusion that an individual's deliberate filing of false forms with the IRS specifically for the purpose of causing the IRS to initiate action against a taxpayer is encompassed within § 7212(a)'s proscribed conduct."). Thus, the allegations in this case, filing of false Form 8300's, properly alleges a violation of § 7212(a). See Kuball, 976 F.2d at 531 (finding the government need not prove that the defendant was aware of an ongoing tax investigation to obtain a conviction under § 7212(a); it is sufficient that the defendant hoped "to benefit financially" from threatening letters or other conduct.); Hanson, 2 F.3d at 946 (finding defendant's submissions of false and fictitious 1099 and 1096 forms and fraudulent tax returns violated § 7212(a)'s omnibus clause). The motion to dismiss is denied.

2) <u>Motion to Dismiss Indictment for Entrapment</u>:

The forms making up the allegations in this case were filed, the Defendant argues, in reliance on information received from an IRS employee. Specifically, Defendant argues that he telephoned the IRS and inquired about whether he needed to file a Form 8300 and was told he should file the form and the IRS, at his request, sent him the forms, which he then filed. The government argues the Defendant has not satisfy the requirements for entrapment.

An entrapment defense has two elements: (1) government inducement to commit the crime; and (2) the absence of predisposition to commit the crime. United States v. Ross, 372

F.3d 1097, 1108 (9th Cir. 2004) (citation omitted). If the defendant is able to put entrapment in issue, the government bears the burden of negating the defense beyond a reasonable doubt. Id. (citation omitted). "The entrapment defense protects the unwary innocent, not the unwary criminal." Id. (quoting United States v. Russell, 411 U.S. 423, 429 (1973)) (citation and quotation marks omitted).

The Defendant may be asserting the defense of entrapment by estoppel. "Entrapment by estoppel is the unintentional entrapment by an official who mistakenly misleads a person into a violation of the law." United States v. Batterjee, 361 F.3d 1210, 1215 (9th Cir. 2004) (citation omitted). The defense "derives from the Due Process Clause of the Constitution, which prohibits convictions based on misleading actions by government officials." Id. (citing United States v. Tallmadge, 829 F.2d 767, 773 (9th Cir. 1987) (citations omitted)). "In order to establish entrapment by estoppel, a defendant must show that (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told him the proscribed conduct was permissible, (4) that he relied on the false information, and (5) that his reliance was reasonable." Id. (citations and quotations omitted). Reasonable reliance exists where "[a] defendant's reliance is reasonable if a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." Id. (citations and quotations omitted).

The Defendant in this case has not satisfied the requirements for a defense under either theory, entrapment or entrapment by estoppel. No evidence of government inducement

*MEMORANDUM ORDER*
05Orders\molesworth_indictment_surplusage            4

nor the absence of predisposition has been asserted by the Defendant. As to the estoppel theory, the information the Defendant indicated that he provided to the IRS employee was insufficient to provide the IRS employee with the facts necessary to accurately assist the Defendant. As the government states, it is the alleged falsity of the Form 8300s that gives rise to the charges in this case. The IRS employee, however, was not told the complete details, as the government alleges them to be, surrounding the Defendant's inquiry regarding the filing of the forms. The Court finds the entrapment elements have not been shown and, thus, the motion is denied.

3) <u>Motion to Strike Surplusage</u>:

Defendant has filed a motion seeking to strike surplusage from the government's motions. Specifically, the words "harass and intimidate" which is not part of the charging statutes and, he argues, can only be intended to prejudice or inflame. In particular, the motion notes that the language was quoted in a local newspaper. The motion is made pursuant to Rule 7(d). The government contends the motion is without a proper basis to seek such relief.

Federal Rule of Criminal Procedure 7 governs the use, procedure, and contents of an indictment and/or information. Fed. R. Crim. P. 7. Rule 7(d) allows defendants to strike surplusage from a given indictment. It does not, however, provide a basis for striking language from motions and briefing filed by the government. The impact, if any, of the newspaper article is a different question involving prejudice to potential jurors. This concern, however, can be resolved during voir dire of the jury panel. The motion is denied.

4)        <u>Motion to Produce Complaining Party</u>:

Defendant also seeks an order compelling the appearance of IRS Special Agent Donald F. Jensen at the trial in this matter and challenges the evidence gathered by Special Agent Jensen. The motion is based on the Confrontation Clause. While noting that Special Agent Jensen will be present at trial and may possibly be called during the government's case in chief, the government opposes the motion and notes that it will object to questioning at trial on irrelevant topics or otherwise inadmissible evidence.

"The Sixth Amendment Confrontation Clause requires that in order to introduce relevant statements at trial, state prosecutors either produce the declarants of those statements as witnesses at trial or demonstrate their unavailability" and that the statements "bear some adequate indicia of reliability." <u>Bains v. Cambra</u>, 204 F.3d 964, 973 (9th Cir. 2000) (citing <u>Ohio v. Roberts</u>, 448 U.S. 56, 65-66 (1980) and <u>White v. Illinois</u>, 502 U.S. 346, 356 (1992)). The right of confrontation exists for the purpose of promoting accuracy and reliability of the evidence presented at trial against a criminal defendant. <u>Bockting v. Bayer</u>, 399 F.3d 1010, 1014 (9th Cir. 2005) (citing several Supreme Court cases). "The principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused." <u>Id.</u> (quoting <u>Crawford v. Washington</u>, 541 U.S. 36, 45 (2004)). Thus, Courts should not allow "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." <u>Id.</u> (quoting <u>Crawford</u>, *supra*).

In this case, the Defendant seeks to question Special Agent Jensen prior to any presentation of evidence at trial regarding his collection of the evidence in this case. This request to challenge the agent's testimony and evidence prior to trial is not what the Confrontation Clause is intended to protect. "A defendant has no right to confront a 'witness' who provides no evidence at trial. Nor is the government required to call all of the witnesses to a crime." United States v. Heck, 499 F.2d 778, 789 (9th Cir. 1974). Moreover, the right of confrontation is satisfied by the defendant's opportunity to subpoena and call a witness in his or her own case in chief. Pavlik v. United States, 951 P.2d 220, 224 (9th Cir. 1991) (citations omitted). The admissibility of evidence in this case will be ruled upon by the Court at trial. If the Defendant seeks to challenge such evidence prior to trial he may file an appropriate motion in advance of trial providing sufficient time for the opposing party to respond and for the Court to consider the motion. The motion to compel based upon the Confrontation Clause, however, is denied.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court hereby orders as follows:

1) Defendant's Motion to Dismiss Count One is **DENIED**.

2) Defendant's Motion to Dismiss Count One for Entrapment (Dkt. No. 27) is **DENIED**.

3) Defendant's Motion to Strike Surplusage (Dkt. No. 28) is **DENIED**.

4) Defendant's Motion to Compel to Produce the Complaining Party (Dkt. No. 21) is **DENIED**.

DATED: August 15th, 2005

Honorable Edward J. Lodge
U. S. District Judge