*UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR No. 05-045-C-EJL |
| Plaintiff, | ) | |
| | ) | MEMORANDUM O R D E R |
| vs. | ) | |
| | ) | |
| LEONARD MOLESWORTH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court in the above-entitled matter is Defendant Leonard
Molesworth's motion to dismiss the superseding indictment, to vacate and set aside the jury's
guilty verdict.  The motion is made pursuant to Federal Rule of Criminal Procedure 29.  The
government has filed its response and the time for filing any reply has expired.  The matter
is now ripe for the Court's review.  Having fully reviewed the record herein, the Court finds
that the facts and legal arguments are adequately presented in the briefs and record.
Accordingly, in the interest of avoiding further delay, and because the Court conclusively
finds that the decisional process would not be significantly aided by oral argument, this
motion shall be decided on the record before this Court without oral argument.  Local Rule
7.1(d)(2).

## Discussion

Motions for a judgment of acquittal are governed by Federal Rule of Criminal
Procedure 29(c), which allows the court to set aside the verdict and enter a judgment of
acquittal where after viewing the evidence in the light most favorable to the prosecution the

*MEMORANDUM ORDER*
05Orders\molesworth_rule29

court finds there is insufficient evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  United States v. Yossunthorn, 167 F.3d 1267 (9th Cir. 1999) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Such motions where, as here, are made after jury verdict such motion must be filed within seven days.  The motion here is timely filed.

The trial in this matter commenced on September 13, 2005.  The charges proceeding to trial were one count of corruptly endeavoring to impede the due administration of the IRS laws, in violation of 26 U.S.C. § 7212(a), and sixteen counts of filing false forms with the IRS, in violation of 26 U.S.C. § 7206(1).  On September 16, 2005 the jury returned its verdict of guilty on all counts.  (Dkt. No. 117).

The instant motion raises the same arguments previously considered by the Court in the Defendant's pretrial submissions.  (Dkt. Nos. 22, 55, 56, 58, 64, and 67).  In particular, Mr. Molesworth challenges the sufficiency of the indictment arguing that count one fails to sufficiently identify the crime charged and counts two through seventeen are duplicitous and the evidence at trial fails to prove the allegations in the indictment.  In sum Mr. Molesworth argues the indictment lacks sufficient clarity to allow him to adequately prepare his defense against the charges and, therefore, should be dismissed.  The government identifies evidence offered at trial supporting the convictions.

Having been privy to the evidence presented at trial and having previously ruled upon these same arguments, the Court denies the motion.  In viewing the evidence in the light most favorable to the prosecution, the Court concludes there is sufficient evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable

*MEMORANDUM ORDER*
05Orders\molesworth_rule29                                     2

doubt.  The evidence presented at trial was consistent with the allegations in the indictment.

In addition, as the Court has previously determined, the indictment is proper and therefore,

based upon the reasoning by the Court during the trial and in its previous orders, the request

for dismissal of the indictment and/or to vacate and set aside the jury's verdict is denied.

Further, the Court denies the request for a judgment of acquittal as the motion has not offered

any basis upon which such a motion can be granted.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES**

the Motion to Dismiss, Vacate, and Set Aside the Jury Verdict (Dkt. No. 118).   The

sentencing hearing in this matter remains set for November 28, 2005.



DATED:  **November 15, 2005**


Honorable Edward J. Lodge
U. S. District Judge


*MEMORANDUM ORDER*
05Orders\molesworth_rule29                                        3